UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHERYL WALKER,

                Plaintiff,

            -against-

NEW YORK CITY POLICE DEPARTMENT,
SERGEANT "JANE" SERRANO, POLICE
OFFICER STEPHEN DAPOLITO, SERGEANT
ROSIAK ANNALIS,

                Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-4529 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 26, 2017, plaintiff Sheryl Walker, appearing *pro se*, filed this action against defendants alleging violations of her civil rights. On August 3, 2017, the Court granted plaintiff's application to proceed *in forma pauperis*. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend as set forth below.

## BACKGROUND

The following is taken from plaintiff's complaint and attached documents and is assumed to be true for the purposes of this Order. On May 25, 2012, an Order of Eviction was entered against plaintiff as to her residence at 751 Hart Street in Brooklyn, New York, by the Kings County Housing Court. Compl. at 39, ECF No. 1.[1] On or about May 29, 2012, plaintiff's landlord denied her access to the apartment at Hart Street to retrieve her belongings in contravention of an Access Order that had also been issued by the Housing Court, and an altercation ensued. *Id.* at 5-6. Plaintiff's landlord called the police and plaintiff was arrested for allegedly assaulting her landlord by defendant Police Officers Serrano, DaPolito and Annalis of the 83rd Police Precinct. *Id.* at 7, 43-45, 73-79. On July 31, 2013, the charges against plaintiff

---
[1] The Court utilizes the page numbers assigned by the Electronic Case Filing ("ECF") system.

1



were dismissed and sealed. *Id.* at 80. Thereafter, plaintiff filed actions in state court seeking to hold defendants "in contempt" for failing to enforce the access order issued by the Housing Court. *Id.* at 14-36, 46-72, 81-82. In this action, plaintiff seeks to relitigate the issues previously raised in the state court, specifically defendants' alleged failure to enforce the Access Order on May 29, 2012. Liberally construed, plaintiff's complaint also alleges a false arrest claim.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, under 28 U.S.C. § 1915(e)(2)(B), district courts shall dismiss an *in forma pauperis* complaint action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff alleges various violations of her civil rights, *see* Compl. at 2, therefore, the Court construes plaintiff's action as arising under 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to maintain a § 1983 action, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)).

Here, plaintiff's complaint against the New York City Police Department ("NYPD") cannot go forward, as the NYPD does not have the legal capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Lopez v. Zouvelos*, No. 13 CV 6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against the NYPD as a non-suable entity). Therefore, the complaint is dismissed as to the NYPD for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent plaintiff alleges that Police Officers Serrano, DaPolito and Annalis (collectively, "Police Officers") were in contempt of court and failed to appear in state court in connection with plaintiff's state court motion or action, she fails to state a claim arising under

3

§ 1983. The Police Officers' purported failure to appear in state court or to answer her contempt motion does not rise to the level of a constitutional violation. To the extent plaintiff alleges the Police Officers conspired with her landlord to deprive her of access to her apartment, this claim also fails. Plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive plaintiff of her rights. *See Brito v. Arthur*, 403 F. App'x 620 (2d Cir. 2010) (quoting *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (*per curiam*)). Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding allegations of conspiracy "baseless" where the plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the conspirators"); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"). Moreover, plaintiff's claim the Police Officers failed to arrest her landlord lacks merit because there is no constitutionally protected right to have a government investigation of alleged wrongdoing. *Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010); *Martinez v. County of Suffolk*, 999 F.Supp.2d 424, 430 (E.D.N.Y. 2014) (plaintiff has no constitutionally protected right to have officers investigate his complaints).

Finally, to the extent plaintiff alleges that on May 29, 2012, the Police Officers falsely arrested her, this claim is time-barred. Claims brought pursuant to § 1983 must be filed within three years of the date on which such claims accrue, *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015), and, in most cases, a cause of action under § 1983 accrues "when the plaintiff knows of or has reason to know of the injury which is the basis of his action," *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted); *see also Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, plaintiff was arrested on May 29, 2012, and

thus knew "of the injury which is the basis of h[er] action" on that same day; therefore, the statute of limitations began to run on plaintiff's claim at that time. *Pearl*, 296 F.3d at 89. Because the alleged false arrest occurred on May 29, 2012, plaintiff's complaint filed on July 26, 2017, falls well outside the three-year time limit and is dismissed as time-barred. *See Milan*, 808 F.3d at 963-64 (affirming *sua sponte* dismissal of claims based on statute of limitations).

Even so, the Court grants plaintiff leave to amend should she be able to state a basis for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim and as time-barred against the named defendants. 28 U.S.C. § 1915(e)(2)(b). In light of plaintiff's *pro se* status and in an abundance of caution, the Court grants plaintiff leave to file an amended complaint within 30 days from the entry of this Memorandum and Order. All further proceedings shall be stayed for 30 days.

If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 17-CV-4529 (WFK). The amended complaint shall replace the original complaint and shall provide, in addition to a statement of claim against the named defendants, facts to support equitable tolling of the three-year statute of limitations period for claims arising under 42 U.S.C. § 1983.

If plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered for the reasons set forth in this Order. If submitted, the

amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ USDJ WILLIAM F. KUNTZ, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: August 4, 2017
      Brooklyn, New York